# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WRIGHT, : | |
|     Plaintiff : | CIVIL ACTION NO. 3:18-1595 |
| v. : | |
| Warden R. PERDUE, *et al.*, : | (Judge Mannion) |
|     Defendants : | |

## MEMORANDUM

### I. Background

Mark Wright, an inmate formerly confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania[1], filed the above captioned action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). (Doc. 1, complaint). Plaintiff seeks damages for Defendants' alleged miscalculation of Plaintiff's sentence. Id.

Plaintiff alleges "on or about March 2017, [he] had a conversation with Unit Manager Mr. R. Scandle about requesting 12 month[s in a] halfway house" and Mr. Scandle "stated he'll recommend 12 month[s] to the Warden." Id.

On August 22, 2017, Plaintiff 'wrote to Grand Prairie Designation and Sentence Computation Center in reference to the time [he] was serving that was imposed by the Courts and the percentage that should be completed

---

[1]Plaintiff currently resides in a residential reentry home, located at 2444 N. Napa Street, Philadelphia, PA 19132.

according to Program Statement 5100.08." Id.

In September 2017, Plaintiff claims he was "told by Case Manager Mr. S. Mroczka that [his] halfway [house] package was complete with [a] request of 12 months to be signed by Warden R. Perdue." Id.

In October 2017, Plaintiff had met with Unit Team Case Manager Mroczka and "during this meeting [he] requested a copy of [his] 'Computation Data Sheet and Good Time Data Sheet' and subsequently discovered that it contained incorrect and erroneous dates, in particular [his] Home Detention Eligibility Date reflected as October 25, 2018 is incorrect and the Statutory Release Projected Date as April 25, 2019." Id.

On January 18, 2018, Plaintiff "was told by [ ] Unit Manager [ ] Scandle [he] was approved for ninety days [in a ] halfway house two (2) months after the Home Eligibility Date which is October 25, 2018." Plaintiff questioned Mr. Scandle about the alleged incorrect dates on his Computation Data Sheet and Mr. Scandle suggested he contact the record's office as well as the Residential Reentry Manager. Id.

Plaintiff claims that he has contacted the record's department, the Residential Reentry Manager, as well as filed grievances "about the issue of [his] home detention eligibility date and [his] statutory release date [ ]," but to no avail. Id.

On March 12, 2018, Plaintiff filed the instant action, claiming violations of the Fifth, Eighth and Fourteenth Amendments, for "excessive confinement

and cruel and unusual punishment." Id. Plaintiff claims that all Defendants "had sufficient knowledge of the erroneous dates contained in his sentence computation data sheet, and thus of the risk that unwarranted punishment was being, or would be, inflicted." Id. For relief, Plaintiff seeks "compensatory and punitive damages, as well as injunctive relief "to be free from excessive confinement." Id.

Presently before the Court is Defendants' motion to dismiss. (Doc. 27) and Plaintiff's motion for injunctive relief. (Doc. 2). For the following reasons, the Court will grant Defendants' motion to dismiss and dismiss Plaintiff's motions for injunctive relief as moot.

## II. Standards of Review

### A. Bivens Standard

Plaintiff's claims are filed pursuant to 28 U.S.C. §1331, in accordance with Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, (1971). Under Bivens, the District Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor. Bivens, supra. Pursuant to Bivens, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438

U.S. 478, 504 (1978). A Bivens-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. §1983 and the same legal principles have been held to apply. See, Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F.Supp. 1486, 1492 (M.D.Pa. 1992); Young v. Keohane, 809 F.Supp. 1185, 1200 n. 16 (M.D.Pa. 1992). In order to state an actionable Bivens claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. See West v. Atkins, 487 U.S. 42, 48 (1988); Young v. Keohane, 809 F.Supp. 1185, 1199 (M.D.Pa. 1992).

### B. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion

to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

### III. Discussion

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

With respect to Plaintiff's request for compensation for illegal confinement, it is well-settled that prisoners cannot use §1983 to challenge the fact or duration of their confinement or to seek immediate or speedier

6

release. Preiser v. Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful sentence, it is appropriate to dismiss the claim for damages as legally frivolous. Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid. See also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking §1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release); Mitchell v.

7

Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa.2003).

## IV. **Preliminary Injunction**

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The United States Court of Appeals for the Third Circuit has delineated four (4) factors that a district court must consider when ruling on a motion for a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured if the court denies the requested relief; (3) whether granting the requested relief will result in even greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest. See Gerardi v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994); Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 1970–98 (3d Cir. 1990). These same factors are used in considering a motion for temporary restraining order. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa. 1994). The moving party has the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F.Supp.2d 449, 457 (M.D.Pa. 2009) (citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002)). In addition, "[a]s these elements suggest, there must be a 'relationship

8

between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).

Moreover, the power of a court to issue injunctive relief is also limited and circumscribed by the mootness doctrine. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996).

In the instant case, Wright seeks injunctive relief in the form of release from FCI-Schuylkill. However, Wright is no longer confined at FCI-Schuylkill. Subsequent to the filing of the above captioned action, Plaintiff was transferred to a residential reentry residence, where he currently resides.

The Third Circuit Court of Appeals has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also, Abdul–Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul–Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial.)

9

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir.2003). This Court has previously held, in a case such as the present, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where those injunctive claims arose, his transfer to another institution moots any claims for injunctive or declaratory relief. Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998). For these reasons, Plaintiff's pending motion for injunctive relief must be denied as moot since he is no longer confined at FCI–Schuylkill, and there is no indication that he will be housed at that facility in the foreseeable future.

## V. Conclusion

For the reasons stated above, the Court will grant Defendants' motion to dismiss Plaintiff's complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's motion for preliminary injunction will be dismissed as moot. Because Plaintiff is barred from bringing the above captioned action, his discovery motions (Docs. 13, 24, 31) and Defendants' motion for protective order (Doc. 35) will be dismissed. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** February 25, 2019

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1595-01.wpd

10